UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GONZALO ALBELO GONZALEZ,

*Petitioner*,

vs.

BRIAN E. WILLIAMS, *et al.*,

*Respondents*.

Case No. 2:14-cv-01140-APG-NJK

**ORDER**

Petitioner has submitted an application (Dkt. #1) to proceed *in forma pauperis* and a habeas petition.

The matter has not been properly commenced because petitioner did not submit the required financial paperwork with the pauper application. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, petitioner must attach both a properly executed financial certificate and an inmate account statement for the past six months. Petitioner attached neither.

The pauper application will be denied without prejudice; and the present improperly-commenced action will be dismissed without prejudice to the filing of a new petition in a new action with a pauper application with all required attachments. It does not appear from the papers presented that a dismissal without prejudice would result in a promptly-filed new action being untimely or otherwise result in substantial collateral prejudice. *Inter alia*, it appears that only 42 days had run in the federal limitation period at the filing of this action.[1]

---

[1] The papers on file and the online docket records of the state courts reflect the following. Petitioner Gonzalo Albelo Gonzales challenges his Nevada state conviction, pursuant to a jury verdict, of burglary with the intent to commit
(continued...)

1   **IT THEREFORE IS ORDERED** that the application (Dkt. #1) to proceed *in forma pauperis* is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new petition in a new action with a properly completed pauper application with all required – and new – financial attachments.

**IT FURTHER IS ORDERED** that all pending motions are DENIED without prejudice. The court does not find that appointment of counsel is in the interests of justice in the interim prior to petitioner's proper person filing of a properly-commenced action, without prejudice to petitioner's ability to file a motion for appointment of counsel in a new action. *Inter alia*, petitioner's incomplete papers do not currently demonstrate financial eligibility for appointment of counsel, and the services of counsel are not required to properly commence a new action.

**IT FURTHER IS ORDERED** that a certificate of appealability is DENIED. Jurists of reason would not find the dismissal of the improperly-commenced action without prejudice to be debatable or wrong as no prejudice will result. See text at note 1 and note 1, *supra*.

The Clerk of Court shall SEND petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a noncapital § 2254 habeas petition form, one copy of the instructions for each form, and a copy of the papers that he submitted.

////

////

---

[1](...continued)
larceny and larceny, along with his adjudication as a habitual criminal. The state supreme court affirmed the conviction on February 9, 2011; and the time to seek *certiorari* review expired on Monday, May 9, 2011. After 38 days had passed, petitioner filed a state post-conviction petition on June 16, 2011. Including a remand for an evidentiary hearing, proceedings were pending on the petition through the issuance of the remittitur on July 7, 2014, on a second state post-conviction appeal. It thus appears that only 42 days had elapsed in the federal limitation period at the time of the filing of the federal petition. (The remaining proceedings reflected by the state court online docket records do not appear to provide any additional statutory tolling over and above the basis for tolling outlined in the text.) A dismissal without prejudice of the present improperly-commenced action therefore will not result in a promptly-filed new action being untimely.

In this regard, petitioner at all times remains responsible for calculating the running of the federal limitation period as applied to his case, properly commencing a timely-filed federal habeas action, and properly exhausting his claims in the state courts. No action taken herein extends the federal limitation period. Nor does anything herein direct petitioner to file any particular proceeding. This improperly-commenced action simply is being dismissed without prejudice.

-2-

1  The Clerk of Court shall enter final judgment accordingly, dismissing this action without
2  prejudice.

3  DATED: July 11, 2014.

_____
ANDREW P. GORDON
United States District Judge